IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICIA WILLIAMSON, individually
and as the Executrix of the
Estate of CHARLES WILLIAMSON,
deceased,

      Plaintiff,

v.                          Civil Action No. 5:10CV38
                                      (STAMP)
LEON STEVEN GRAVELY,
AMERICAN INTERNATIONAL
INSURANCE COMPANY and
AMERICAN INTERNATIONAL SOUTH
INSURANCE COMPANY,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND AND
DENYING AS MOOT PARTIES' JOINT MOTION TO STAY
AND PETITION FOR APPROVAL OF SETTLEMENT**

I.   Procedural History

The above-styled civil action is before this Court as a result
of a notice of removal filed by defendants American International
Insurance Company ("AIIC") and American International South
Insurance Company ("AISIC") (collectively referred to as "AIG
defendants"), in which the defendants assert that federal
jurisdiction is pursuant to 28 U.S.C. § 1332. The plaintiff
commenced this action in the Circuit Court of Marshall County, West
Virginia. Following removal of the action to this Court, the
plaintiff filed a motion to remand, to which the AIG defendants
responded in opposition, and the plaintiff replied. Also before
this Court is the parties' joint motion to stay, as well as a
petition for approval of settlement. For the reasons set forth

below, the plaintiff's motion to remand is granted, and both the parties' joint motion to stay and the petition for approval of settlement are denied as moot.

## II.  <u>Facts</u>

Mr. Charles E. Williamson died as a result of injuries that he sustained when defendant Leon Steven Gravely's motor vehicle struck the bicycle that Mr. Williamson was riding.  A civil complaint was thereafter filed in the Circuit Court of Marshall County naming Gravely, AIIC, and AISIC as defendants, and asserting a claim for wrongful death against defendant Gravely, as well as a claim for first party bad faith against the AIG defendants.

Mr. Williamson carried a primary auto policy with defendant AISIC, which included underinsured motorist benefits with a policy limit of $250,000.00.  He also carried an excess policy with defendant AIIC.  Defendant Gravely held liability insurance with State Farm Insurance Company with a liability limit of $100,000.00.

On March 10, 2010, the parties agreed to a settlement in principle against defendant Gravely for the liability limits of $100,000.00, and for the underinsured motorists' claim against the AIG defendants for the policy limits of $2,000,000.00, under an excess policy, as well as $250,000.00 under the primary policy with respect to the underinsured benefit.  The plaintiff accepted this offer, through counsel, by letter.  No settlement hearing, as required by West Virginia Code § 55-7-7, took place before the Circuit Court of Marshall County to seek approval of the wrongful

death settlement. Furthermore, no release or written settlement agreement was executed by the parties. This case was thereafter removed on March 30, 2010.

## III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

## IV. Discussion

A. Motion to Remand

In her motion to remand, the plaintiff argues that this case must be remanded due to lack of diversity of citizenship between the parties. The plaintiff contends that the presence of defendant Gravely, a West Virginia resident, as a defendant in this case prevents complete diversity, as the plaintiff, too, is a resident of West Virginia. She argues that defendant Gravely has not been

dismissed from this case, and therefore remains an interested party whose citizenship must be considered for diversity purposes.

In response, the AIG defendants argue that defendant Gravely's residency is irrelevant because he is merely a nominal party and should not be considered in determining whether diversity of citizenship exists. The AIG defendants contend that the proposed settlement agreement between the plaintiff and defendant Gravely constitutes the dismissal of defendant Gravely, and thus, removal was proper. Additionally, the AIG defendants argue that because this case was filed on June 9, 2009, a ruling by this Court that removal was improper will effectively prevent removal in the future because a case may not be removed on the basis of diversity more than one year after commencement of the action. 28 U.S.C. § 1446(b). Finding that remand is proper, this Court addresses each of the AIG defendants' arguments in turn.

1. <u>Nominal Party</u>

In order to establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1), a party must demonstrate that the action is between "citizens of different States." The Supreme Court of the United States has further established that "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." <u>Navarro Sav. Ass'n v. Lee</u>, 446 U.S. 458, 460-61 (1980).

4

The United States Court of Appeals for the Fourth Circuit has not provided a clear standard for determining who constitutes a "nominal party" for removal purposes. Creed v. Virginia, 596 F. Supp. 2d 930 (E.D. Va. 2009). District courts within this Circuit, therefore, have devised various tests. Compare Allen v. Monsanto Co., 396 F. Supp. 2d 728, 733 (deciding whether a party is nominal turns on whether there is any "legal possibility for predicting" that the party could be held liable) with Mayes v. Moore, 367 F. Supp. 2d 919, 922 (M.D.N.C. 2005) (holding that the test for determining whether party is nominal is "whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff"). "[T]he central inquiry appears to be whether, looking at the facts of the case as they appear at the preliminary stage of a petition for removal, the party in question is in some manner genuinely adverse to the plaintiff." Creed, 596 F. Supp. 2d at 935.

After a thorough review of the record, as well as the parties' pleadings, this Court finds that defendant Gravely is not a nominal party that can be ignored for diversity jurisdiction purposes. It is well-established that pursuant to West Virginia Code § 55-7-7, parties are required to obtain court approval of wrongful death settlements:

> To quell any lingering confusion over this issue, however, we wish to make clear that the language of West Virginia Code § 55-7-7 clearly contemplates and requires that all compromises of wrongful death actions be

submitted to the circuit court for approval. Even in instances where the only beneficiaries to such a compromise are adults, the statute requires that such agreements be presented to the circuit court for approval. Although the role of the trial court in those wrongful death cases involving only adult beneficiaries, all of whom have consented to the terms of the settlement agreement, is necessarily limited, the trial court must still ascertain that each potential beneficiary has been included in the agreement and make inquiry regarding the presence any factor that could potentially serve to invalidate the agreement.

Estate of Postlewait ex rel. Postlewait v. Ohio Valley Medical, 591 S.E.2d 226, 232 (W. Va. 2003) (internal citations omitted).

Here, the parties did not obtain court approval of their wrongful death settlement concerning defendant Gravely. Indeed, a court hearing was never even scheduled to discuss settlement. Furthermore, it is undisputed that a settlement agreement was never signed, and a release of defendant Gravely was not executed between the parties. The only document that even discusses that a proposed settlement was reached was the plaintiff's March 10, 2010 letter to defense counsel, which states that the plaintiff accepted the offer of settlement. Less than thirty days later, the AIG defendants removed the case to this Court. Because the parties did not obtain the necessary court approval as required by West Virginia Code § 55-7-7, this Court finds that defendant Gravely is still a real party to this action, and was so at the time of removal. See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000) (holding that diversity jurisdiction is determined on a motion to remand at the time the notice of removal is filed). Accordingly, as both the plaintiff and defendant Gravely are

6

residents of West Virginia, diversity jurisdiction does not exist, and this Court lacks subject matter jurisdiction.

The AIG defendants cite several cases in support of their argument that regardless of whether a court order has been entered, a case is generally removable when a plaintiff has voluntarily discontinued the action as to the nondiverse defendant. See King v. Kayak Mfg. Corp., 688 F. Supp. 227, 230 (N.D. W. Va. Jul. 15, 1988); Allison v. Meadows, 2005 WL 2016815 (S.D. W. Va. Aug. 22, 2005). This Court holds that these cases do not squarely address the issue before this Court, as they do not include a wrongful death settlement where court approval is necessary.

2. One-Year Limitation

The United States Court of Appeals for the Fourth Circuit has held that the one-year limitation of § 1446(b) is an absolute bar to removal, citing Lovern v. GMC, 121 F.3d 160, 163 (4th Cir. 1997). The Fourth Circuit has not recognized any equitable exceptions to the one-year limitation. The AIG defendants' argument that remanding this case would be inequitable because they could not later remove the case, therefore, is meritless.

C. Joint Motion to Stay and Petition for Approval of Settlement

In light of this Court's ruling on the plaintiff's motion to remand, the parties' joint motion to stay, as well as the petition for approval of settlement, are hereby denied as moot.

##                    V.  Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED.  Because this Court has found that it lacks subject matter jurisdiction over this case, the parties' joint motion to stay and the petition for approval of settlement are DENIED AS MOOT.  It is ORDERED that this case be REMANDED to the Circuit Court of Marshall County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    July 19, 2010

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE